# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LYWAYNE MARQUIS SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-376-NAB |
| | ) |
| DALE GLASS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Lywayne Marquis Scott for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $8.39. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $41.96. The Court will therefore assess an initial partial filing fee of $8.69, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

At the time he filed the complaint, plaintiff was incarcerated in the St. Charles County Department of Corrections. However, the events giving rise to his claims occurred when he was incarcerated, presumably as a pretrial detainee, in the Medium Security Institution ("MSI"). Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Dale Glass (St. Louis Corrections Commissioner), Richard Dixon (Classification Case Manager Coordinator at MSI), and the City of St. Louis. He states he sues the defendants in an individual capacity. He seeks monetary relief.

In setting forth the facts in support of his claims, plaintiff alleges as follows. From October 20, 2016 to May 15, 2017, defendant Dixon made numerous sexual advances towards

3

plaintiff. Specifically, plaintiff alleges that Dixon, upon seeing plaintiff without a shirt or showering, said "you have a nice body," and also called him "sexy." (Docket No. 1 at 7). Dixon also sexually assaulted him by touching him in a sexual manner with his hand and an ink pen. Dixon also "tried to entice" plaintiff by saying he kept "a couple thousand dollars on him at all times, showing plaintiff money, telling plaintiff money ain't a thang, and threaten to reject plaintiff visitor requests of friends and family." *Id.* at 9. Plaintiff alleges that "Dixon has opposed outings at restaurants, gambling dates on the Lumineer, and fashion shopping sprees." *Id.* Plaintiff alleges that he lost a job due to Dixon "keeping his words of retaliation and conspiring with" defendant Glass. *Id.* at 10. Plaintiff states that Glass and Dixon conspired to violate his rights and affect his work status during his stay at MSI.

Plaintiff alleges he was placed in disciplinary housing from May 11 to May 15, 2017 "for an alleged incident of sexual misconduct with staff – female, which is unrelated to the events at issue in this case." (Docket No. 1 at 11). Plaintiff alleges that, when he was being processed into disciplinary housing, another officer conducted an inventory of his property, and Dixon violated his fourth amendment rights by confiscating commissary items and personal property. Another officer later told plaintiff that Dixon had seized the property and placed it under investigation. Plaintiff alleges that he was transferred from MSI to St. Charles County Department of Corrections "due to an act of continuous retaliation by defendant Dixon." *Id.* at 12.

Plaintiff then sets forth his legal claims. He claims that Dixon and Glass conspired to violate his right to due process. He claims Dixon sexually harassed and sexually assaulted him, and violated his right to equal protection and his rights under the eighth amendment. Plaintiff claims Dixon violated his fourth amendment rights by seizing his property without probable

4

cause and transferring him to a more secure facility. Plaintiff claims Dixon retaliated against him by seizing his property without probable cause, transferring him, and depriving him of privileges. Plaintiff also states that he brings state law claims of assault and battery, and intentional infliction of emotional distress.

## Discussion

Plaintiff's claims against the City of St. Louis will be dismissed. To state a claim against the City of St. Louis, a plaintiff must allege that a policy or custom of the City is responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Because the instant complaint includes no such allegations, it fails to state a claim for relief against the City of St. Louis.

Plaintiff claims against Dixon will also be dismissed. First, plaintiff claims that Dixon sexually assaulted him in violation of his constitutional rights. The way a person is treated while incarcerated, and the conditions of his confinement, are subject to scrutiny under the eighth amendment, and a sexual assault by a prison official would amount to an eighth amendment violation. Because it appears plaintiff was a pretrial detainee at the time in question, his claims of sexual assault are analyzed under the fourteenth amendment due process clause rather than the eighth amendment. However, because the fourteenth amendment gives pretrial detainees at least as great protection as that given to convicts under the eighth amendment, courts have consistently applied the eighth amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014), *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

In *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998), the Eighth Circuit considered whether the brief touching of an inmate's buttocks was sufficient to maintain a § 1983 action. In

5

*Berryhill,* the plaintiff alleged he was touched on his buttocks by two prison employees on two separate occasions. He did not allege that the touching was "accompanied by any sexual comments or banter," nor did he allege that he feared sexual abuse. *Berryhill*, 137 F.3d at 1076. The Eighth Circuit concluded that the plaintiff could not demonstrate that the brief touches to his buttocks amounted to either a sexual advancement or a sexual assault. *Id.* at 1077.

Here, plaintiff alleges that Dixon touched his body in a sexual manner with his hand and an ink pen. Plaintiff does not allege when this touching occurred or how often it occurred, or where on his body Dixon touched him. Plaintiff does not allege that Dixon made any sexual comments or engaged in any sexual banter during the touching, nor does he allege that he feared Dixon would sexually abuse him. Instead, plaintiff offers only his own speculation, supported by a conclusory statement, that the touching was sexual in nature. This Court is not bound to accept as true a conclusory statement couched as a factual allegation. *See Twombly*, 550 U.S. at 555 (citation omitted). Having carefully reviewed the complaint and liberally construed plaintiff's allegations, the Court concludes that plaintiff, like the plaintiff in *Berryhill*, has failed to allege facts to demonstrate a plausible claim that the alleged touching could be construed as a sexual advancement or a sexual assault. As the *Berryhill* Court noted, not "every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action." *Id.* at 1076 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Plaintiff also alleges that Dixon made comments about the condition of his body, called him sexy, and tried to entice him by talking about money. Plaintiff does not allege that Dixon, at the time he made the statements, touched him or otherwise made physical contact. It is well established that "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). In addition, the Eighth Circuit has recognized that

6

verbal sexual harassment without contact or touching does not amount to a constitutional violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision). Plaintiff also states that his right to equal protection was violated. However, he does not allege that he was treated differently from anyone similarly situated to him.

Plaintiff also alleges that he suffered various forms of retaliation because he rejected Dixon's sexual advances. To establish a *prima facie* case of retaliation, plaintiff must show that: (1) he exercised a constitutionally protected right; (2) the defendant took adverse action against him; and (3) his exercise of the right was the motivation for the adverse action. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). At this stage, plaintiff is required to allege sufficient facts from which the Court can conclude that the occurrence of the retaliation was plausible in light of these elements. Plaintiff has not done so. Instead, he has offered only his own speculation, supported by merely conclusory statements, that fails to show a causal relationship between any protected conduct and a retaliatory response. As noted above, this Court is not bound to accept as true a conclusory statement couched as a factual allegation. *See Twombly*, 550 U.S. at 555. In addition, plaintiff's allegations are belied by his statements elsewhere in the complaint that he was disciplined because of unrelated misconduct. Having carefully reviewed the complaint and liberally construed plaintiff's allegations, the Court concludes that he has failed to allege facts to demonstrate a plausible claim of retaliation. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.").

Plaintiff also alleges that Dixon violated his fourth amendment rights by confiscating commissary items and other personal property from his cell. Plaintiff also claims this conduct

7

was retaliatory. Again, plaintiff sets forth his claim in a wholly conclusory manner, and therefore fails to state a plausible claim for relief. *See id.* In addition, plaintiff's allegations are belied by his other statement that his cell was searched because he was being processed into disciplinary housing. Finally, the fourth amendment's proscription against unreasonable searches and seizures does not apply to searches of a prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The Court concludes that plaintiff has failed to allege a plausible fourth amendment claim.

Plaintiff's claims against Glass will also be dismissed. Plaintiff alleges that Glass conspired with Dixon to violate his constitutional rights. To prevail on a § 1983 claim for conspiracy, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). Here, as discussed above, plaintiff's allegations fall short of alleging a constitutional violation. He therefore cannot maintain a § 1983 conspiracy claim. Even if plaintiff had successfully alleged a constitutional violation, his § 1983 conspiracy claim would fail because he again offers only his own speculation, supported by broad, conclusory statements, in support of his claims. Allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Manis v.* Sterling, 862 F.2d 679, 681 (8th Cir. 1988). Plaintiff herein has not done so, and he therefore fails to state a § 1983 conspiracy claim.

Finally, because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.39 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __24th___ day of July, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE